﻿Citation Nr: 19172618
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 16-36 540
DATE: September 18, 2019

ORDER

Entitlement to a compensable rating for right inguinal hernia residuals, is denied.

An initial, increased rating of 10 percent for scar residuals of right inguinal hernia repair is granted.

FINDING OF FACT

1. The right inguinal hernia has not recurred, resulted in marked interference with employment, or resulted in frequent periods of hospitalization. 

2. Resolving all reasonable doubt in favor of the Veteran has one painful scar residuals, status post right inguinal hernia repair.

CONCLUSION OF LAW

1. The criteria for entitlement to a compensable rating for right inguinal hernia residuals, to include on an extraschedular basis, have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.3, 4.7, 4.10, 4.114, Diagnostic Code (DC) 7338.

2. The criteria for an initial 10 percent rating for a painful right inguinal hernia scar have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code (DC) 7805.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had qualifying service from September 1973 to September 1979.

1. Increased Rating for Right Inguinal Hernia Residuals

In determining the severity of a disability, the Board applies the criteria set forth in the Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. If the disability more closely approximates the criteria for the higher of two ratings, the higher rating is assigned. 38 C.F.R. § 4.7. 

The Veteran’s right inguinal hernia residuals have been rated at 0 percent under DC 7338 since September 16, 2009. See December 2018 Codesheet; 38 C.F.R. § 4.114, DC 7338. Under DC 7338, a 0 percent rating is warranted for: (a) small, reducible, or without true hernia protrusion; and/or (b) not operated, but remediable. 38 C.F.R. § 4.114, DC 7338. A 10 percent rating is warranted for: postoperative recurrent, readily reducible and well supported by truss or belt. Id. A 30 percent rating is warranted for: small, postoperative recurrent, or unoperated irremediable, not well supported by truss, or not readily reducible. Id. A 60 percent (maximum schedular) rating is warranted for: large, postoperative, recurrent, not well supported under ordinary conditions and not readily reducible, when considered inoperable. Id. VA adds 10 percent for bilateral involvement, provided the second hernia is compensable (meaning that the more severely disabling hernia is to be evaluated, and 10 percent, only, added for the second hernia, if the latter is of compensable degree). Id at NOTE.

An August 2015 record from Spokane VAMC documented the Veteran’s report of chronic abdomen pain due to the mesh from the hernia repair surgery. The Veteran submitted an October 2015 Hernias Disability Benefits Questionnaire (DBQ) completed by ARS, a provider at North Idaho CBOC; this DBQ noted the Veteran’s reports of chronic pain in the area of his mesh, but found no recurrence of the hernia upon examination. In a November 2015 Statement, the Veteran contended that the installation of mesh during the hernia repair surgery warranted a higher rating. A November 2015 record from Spokane VAMC documented the Veteran’s request to get another surgery for his hernia. In a December 2015 Notice of Disagreement, the Veteran contended that the installation of mesh during the hernia repair surgery warranted a higher rating. In the July 2016 VA Form 9, the Veteran contended that his ongoing chronic pain in the area of the appliance utilized to treat the hernia indicates ongoing, postoperative symptoms of his hernia condition. In the August 2016 VA Form 646, the Veteran contended that the mesh continued to cause daily abdominal pain to warrant a compensable rating. In a September 2016 record from Spokane VAMC, a provider noted that a pelvic CT showed no sign of hernia recurrence and that there was no need for another surgery. A July 2017 record from Spokane VAMC documented the Veteran’s reports of chronic pain, but the provider noted the September 2016 pelvic CT showing no definitive hernia and also found no hernia upon physical examination; the provider recommended that the Veteran follow up with his primary care provider in one year. A February 2018 record from Spokane VAMC documented the Veteran’s inquiry about scheduling a follow up appointment to speak with a provider about getting another surgery for his hernia. A March 2018 record from Spokane VAMC documented the Veteran’s continued reports of pain at the right inguinal hernia repair site and the provider ordered a general surgery consult. In the July 2019 Brief, the Veteran contended that an increased rating was warranted because he continues to have pain in the area where the appliance was used to treat his hernia. 

Based on the evidence above, the Board finds that a compensable, schedular rating is not warranted because there is no evidence indicating: (a) that the right inguinal hernia has recurred, which is required to obtain any of the compensable, schedular ratings; or (b) bilateral involvement. Specifically, providers have repeatedly found no recurrence through both CT and physical examination. Although the Board acknowledges the Veteran’s continued reports of pain at the right inguinal hernia repair site, the schedular criteria under DC 7338 simply do not provide for a higher rating based on residual pain resulting from a hernia repair; thus, an increased schedular rating must be denied. 

2. Increased Rating for Right Inguinal Hernia Scar Residuals

Disability ratings for scars can be found in the Schedular Rating for the skin, under 38C.F.R. § 4.118.

The Veteran is currently assigned a zero percent rating for residual scar, status post inguinal hernia repair, under DC 7805. 38 C.F.R. § 4.118, DC 7805. This diagnostic code provides for other scars to be evaluated by any disabling effects not considered in a rating provided under DCs 7800 04, under an appropriate diagnostic code. 38 C.F.R. § 4.118, DC 7804 (2018).

The Board notes, however, that DCs 7800 7802 are not applicable to the Veteran’s increased rating claims because his scars do not affect the head, face or neck, and as discussed below, do not affect an area of at least 39 square cm.

DC 7804 provides a 10 percent rating for one or two scars that are unstable or painful; a 20 percent rating for three or four scars that are unstable or painful; and the maximum allowable 30 percent rating for five or more scars that are unstable or painful. 38 C.F.R. § 4.118, DC 7804.

Also under DC 7804, Note (1) provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar; Note (2) provides that if one or more scars are both unstable and painful, 10 percent will be added to the evaluation that is based on the total number of unstable or painful scars; and Note (3) provides that scars evaluated under DCs 7800, 7801, 7802, or 7805 may also receive an additional rating under DC 7804 when applicable. 38 C.F.R. § 4.118, DC 7804.

An October 2015 DBQ regarding the Veteran’s hernia showed that the Veteran’s scar status post hernia repair that was not painful, unstable, or of a size equal to greater than 39 square centimeters. VA treatments records from 2014 show that the Veteran’s scar from the right hernia repair was tender to palpation. Additionally, the Veteran has consistently reported that his hernia is painful. 

Here, the Board finds that the evidence supports an initial rating of 10 percent but no higher for a painful scar status post right hernia repair. VA treatment records shows that the single scar was clinically evaluated as tender to touch, and the Veteran is competent to report pain at the hernia repair site. 

Thus, resolving all reasonable doubt in favor of the Veteran, an increased 10 percent rating is warranted for scar residuals of inguinal hernia repair, under DC 7805.

 

JACOB DWORKIN

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Daus, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.